UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-80156-Cannon/Reinhart

INJURY TREATMENT CENTER OF FORT MYERS, INC.,

Plaintiff,

vs.

STARR INDEMNITY & LIABILITY CO.,

Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS (DE 62)

Currently before the Court is Defendant's motion for attorney's fees and costs. ECF No. 62. This motion was referred to me by the Honorable Aileen M. Cannon for a report and recommendation. ECF No. 63. I have reviewed the motion (ECF No. 62), Plaintiff's response in opposition (ECF No. 65), and Defendant's reply (ECF No. 67). For the reasons stated below, I **RECOMMEND** that Defendant's motion be **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiff brought this insurance coverage action following property damage sustained during Hurricane Irma in September 2017. On February 28, 2022, after Plaintiff failed to disclose a damages expert by the Court's deadline, Defendant moved for summary judgment. ECF No. 35. Judge Cannon denied Defendant's

motion without prejudice and extended the deadline for Plaintiff to disclose its expert.  ECF No. 45.

Notwithstanding this extension, Plaintiff again failed to timely disclose its expert and on April 15, 2022, Judge Cannon granted Defendant's motion to strike Plaintiff's expert disclosure as untimely under Rule 37(c)(1).  ECF No. 55. Thereafter, on July 13, 2022, Judge Cannon granted Defendant's renewed motion for summary judgment, noting that Plaintiff could not prove the causation and damages elements of its claim for coverage without expert testimony.  ECF No. 60 at 2.  Judge Cannon further found that the undisputed facts revealed that Plaintiff had not complied with the insurance policy's condition that prompt notice of the claim be given (Plaintiff waited eight months to file its claim).  *Id.*  Judge Cannon's order concluded that "Defendant may file a motion for attorneys' fees based on the cost of refiling Defendant's Motion for Summary Judgment and the circumstances presented."  *Id.* at 4.

Defendant brings the instant motion for fees in accordance with Judge Cannon's order, and also seeks to recover additional fees under Rule 37. Specifically, Defendant seeks recovery of its attorneys' fees in the amount of $10,452.50, and expert witness fees in the amount of $9,367.50, for a total of $19,820.00.  ECF No. 62.  According to Defendant, it is entitled to recover its expert's fees under Rule 37(c) because its rebuttal expert witness report was due just three days after Judge Cannon struck Plaintiff's expert disclosure as untimely. *Id.* at 2.  By that time, Defendant's expert had already begun working on a rebuttal

report, which the Court's order rendered "unusable." *Id.* Notably, Defendant's motion seeking to strike Plaintiff's expert disclosure as untimely did not include any request for fees or costs (ECF No. 47), and thus, Judge Cannon's order striking Plaintiff's expert under Rule 37(c) did not address the issue. ECF No. 55.

Plaintiff does not dispute Defendant's entitlement to reasonable attorneys' fees for time spent refiling its summary judgment motion as awarded by Judge Cannon's order, but Plaintiff "disputes all other attorney's fees and costs claimed." ECF No. 65. According to Plaintiff, Defendant's recovery should be limited to $3,388.00 in attorneys' fees. *Id.* at 8.

## DISCUSSION

## Scope of the Fee Award

As a threshold matter, I find that Defendant's recovery of fees is limited to the parameters set forth in Judge Cannon's order, namely, fees incurred in the filing of Defendant's renewed summary judgment motion. Accordingly, Defendant is not entitled to recover fees and costs incurred as a result of its expert preparing a rebuttal report. Notwithstanding that Rule 37(c) provides reimbursement of "reasonable expenses, including attorney's fees" as an available remedy for an opposing party's failure to disclose, Defendant's motion to strike Plaintiff's belated expert disclosure did not seek such relief, and therefore it is waived. "Rule 37(c) expenses and fees must be timely sought prior to judgment . . . if the judgment is silent in regard thereto, they are deemed waived or denied." *Popeil Bros. v. Schick*

*Elec., Inc.*, 516 F.2d 772, 778 (7th Cir. 1975).[1]  Thus, I find that the only basis for Defendant's recovery of fees is Judge Cannon's order allowing them for "the cost of refiling Defendant's Motion for Summary Judgment and the circumstances presented."  ECF No. 60 at 4.[2]

## Calculation of Attorneys' Fees: the Lodestar Method

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate."  *Barnes*, 168 F.3d at 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained.  *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[3]

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (*quoting Norman v.*

---

[1]  The Final Judgment entered in this case is silent regarding any Rule 37(c) fees or expenses.  ECF No. 61.

[2]  Defendant's motion emphasizes the phrase "and the circumstances presented" as a basis for awarding additional fees (ECF No. 62 at 2), but given the ambiguity of this phrase, I decline to speculate as to its intended meaning.

[3]  Some of the factors courts should consider in computing the lodestar amount are (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, as well as the requisite skill level; (2) the fee customarily charged in the locality for comparable legal services; (3) the significance of the matter, the amount involved, and the results obtained; and (4) the experience, reputation, and ability of the lawyer.  *See Wachovia Bank v. Tien,* No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.  1974)).

*Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).   The fee applicant bears the burden of establishing the claimed market rate.   *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "*all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors.   *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (emphasis in original).   In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners.   *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.").   *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.   That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ]

> counsel should have maintained records to show the time spent on the
> different claims, and the general subject matter of the time
> expenditures ought to be set out with sufficient particularity so that
> the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

### A.  Hourly Rates

Three attorneys were assigned to represent Defendant in this action: Jason Margolin, Matthew Schroeder, and Xakema Henderson. Mr. Margolin is a partner who reduced his customary hourly rate of $590 to $325 for this matter, Mr. Schroeder is also a partner who reduced his rate from $740 to $325, and Ms. Henderson is an eighth-year associate whose hourly rate of $540 was reduced to $265 for this case. *See* Margolin Declaration (ECF No. 62-1) at 2. Plaintiff does not contest these rates (ECF No. 65 at 3) and I, too, find that they are reasonable given that they are below the rates customarily charged by attorneys with this level of experience in West Palm Beach, Florida. Nevertheless, having reviewed defense counsel's invoices, I find that Ms. Henderson performed the bulk of the work for

which Defendant's fee-recovery is permitted.  Therefore, I will not credit the time billed by Mr. Margolin or Mr. Schroeder; I will calculate Defendant's recoverable fees using only the reasonable hours worked by Ms. Henderson and applying her reduced hourly rate.

### B. <u>Hours Expended</u>

Defendant seeks to recover a total of 18.4 hours (amounting to $5,014.00) for time its attorneys spent preparing its renewed motion for summary judgment.  ECF No. 62 at 7.  Defendant contends that it had to revise its original motion and statement of facts, analyze Plaintiff's brief in response, draft a reply, prepare for oral argument, and appear remotely at the court's hearing.  *Id.*

With regard to the time spent revising Defendant's motion for summary judgment, I have compared Defendant's original motion with its renewed motion (including both Statements of Facts).  Although the substantive changes included in the renewed motion are minimal, I find that defense counsel also had to spend time reviewing Plaintiff's untimely expert disclosure to assess whether to address the expert's analysis in its renewed motion.  I find that Defendant is entitled to recover 6 hours of time at Ms. Henderson's reduced hourly rate for these tasks.

To the extent Defendant seeks to recover fees for analyzing Plaintiff's response to its renewed summary judgment motion, this amount should also be nominal because Plaintiff's responses were perfunctory.  Specifically, Plaintiff filed a three-page motion to strike as premature Defendant's renewed summary judgment motion (ECF No. 50), and a one-page confession of judgment (ECF No.

56).   Although Judge Cannon summarily denied Plaintiff's motion to strike Defendant's motion without awaiting a response from Defendant (ECF No. 55), I will credit some of the time defense counsel spent preparing their response. Accordingly, I find that Defendant is entitled to recover 4 hours of time by Ms. Henderson for these tasks.

Defendant also seeks to recover time spent preparing its one-and-a half-page reply to its renewed motion for summary judgment.   Given that Plaintiff had already filed a confession of judgment, I decline to award any fees for the filing of an unnecessary reply.

Finally, defense counsel's invoices reveal that Ms. Henderson spent 3.3 hours preparing for oral argument and that the remote hearing lasted 15 minutes.   I recommend that Defendant recover 3.6 hours for these tasks.

I decline to award fees ($1,463.50) for time defense counsel spent assisting Defendant's expert with his rebuttal report as those tasks are unrelated to Defendant's renewed summary judgment motion.   Likewise, I decline to award Defendant the nearly $4,000 in fees it seeks for time spent drafting this motion for attorneys' fees.   *See Chavez v. Mercantil Commercebank, N.A.*, No. 10-23244-CIV, 2015 WL 136388, at *5 (S.D. Fla. Jan. 9, 2015) (citing *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002) (fees incurred for litigating the amount of attorney's fees to be awarded are not recoverable).

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Defendant's Motion for Attorney's Fees and Costs (ECF No. 62), by awarding Defendant recovery of 13.6 hours at Ms. Henderson's hourly rate of $265 for a total of $3,604.00.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 4th day of November, 2022 at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge